**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | )    **No: 2:25-cr-176-SDN** |
| **SHANNON LITTLEFIELD** | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

On November 19, 2025, the defendant, Shannon Littlefield, pled guilty to one count of Theft of Mail by a Postal Employee. She is scheduled to be sentenced on May 13, 2026. The guideline calculation is not disputed. The advisory range of imprisonment is zero to six months. *Revised Presentence Investigation Report* (Dkt. No. 26) (hereinafter, "PSR") ¶ 61. The Government has indicated that it will recommend a sentence of probation. We agree with this recommendation.

The purpose of this Memorandum is to address Ms. Littlefield's unresolved objection to mandatory drug testing as a condition of her supervision.

**I.    THE PROPOSED DRUG-TESTING CONDITION IS NOT INDIVIDUALLY TAILORED AND IS UNWARRANTED.**

In determining what conditions of probation are appropriate in any give case, a court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3562(a). No condition can impose a greater deprivation of liberty than that which is reasonably necessary. 18 U.S.C. § 3553(a). Drug testing as a condition of probation "may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant." 18 U.S.C. § 3563(a)(5). Here, there is no evidentiary basis to support a drug testing condition.

Ms. Littlefield is thirty years old and has no criminal history. The advisory guideline range is zero to six months, reflecting an extremely low risk profile. The offense has no connection to controlled substances. Ms. Littlefield's only drug history is limited to marijuana use for sleep, not abuse, dependency, or criminal conduct. PSR ¶ 53. Critically, while on pretrial release, no drug-testing condition was imposed as such was deemed unnecessary to mitigate risk, and there have not been any compliance issues. PSR ¶ 4.

In response to Mr. Littlefield's objection to the proposed condition, U.S. Probation and Pretrial ("Probation") merely stated, "The Probation Office believes the condition is appropriate based on the defendant's history of using marijuana which is still prohibited under federal law. The condition serves the statutory purposes of public protection, deterrence and rehabilitation." PSR Addendum. Yet, Probation did not recommend a condition for substance abuse evaluation or treatment. One can infer this is because Probation did not identify the need for intervention of this nature. We agree.

In sum, there is no demonstrated need for monitoring, treatment or deterrence related to substance use in this case. To impose such a condition would be adding a restriction for its own sake, not because it serves a legitimate sentencing goal. The record in this case simply does not justify a drug testing condition where Ms. Littlefield has no history of substance abuse, no pattern of criminal conduct, and there is no link between the offense conduct and marijuana use. Without such a nexus, drug testing cannot satisfy the statutory requirement that conditions be reasonably related to the purposes of sentencing.

## II. SUSPENDING DRUG TESTING IS CONSISTENT WITH THIS DISTRICT'S PRIOR PRACTICES.

Over the last three years, judges in this District have waived the drug testing condition in five of undersigned counsel's cases despite the defendants' histories of marijuana use. *See U.S. v.*

*Vachon*, Docket No. 2:25cr-37-LEW (false information to a licensed firearm dealer); *U.S. v. Joaquin*, Docket No. 2:24-cr-20-JAW (theft of mail by postal employee); *U.S. v. Kimball*, Docket No. 2:22-cr-85-JDL (sexual exploitation of a minor & distribution and possession of CSAM); *U.S. v. Knof*, Docket No. 2:23-cr-106-NT (distribution and possession of CSAM); *U.S. v. Rembert*, Docket No. 2:24-cr-33-LEW (possession of CSAM). Ms. Littlefield is similarly situated to the defendants in these cases. Imposing a drug testing condition in her case would violate the need to avoid unwarranted sentence disparities among similarly situated defendants.

## III.    CONCLUSION

Because there is no individualized, evidence-based justification for a drug-testing condition, the Court should suspend drug testing in this case.

Ms. Littlefield appreciates the Court's consideration of this Memorandum.

Dated: May 4, 2026                                   /s/ Heather Gonzales, Esq.
                                                     Attorney for Defendant
                                                     Senior Litigator
                                                     Federal Public Defender
                                                     P.O. Box 595
                                                     Portland, ME 04112-0595
                                                     207-553-7070
                                                     FAX: 553-7017
                                                     Heather_Gonzales@fd.org

## CERTIFICATE OF SERVICE

I, Heather Gonzales, Esquire, attorney for the Defendant, hereby certify that I have this date caused the within Sentencing Memorandum to be served upon all parties of record via the Court's ECF System.


Dated: May 4, 2026                                                  /s/ Heather Gonzales
                                                                           Counsel for the Defendant